UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIBEL A. V. P.[1] (A-221-097-203), Petitioner, v. WARDEN, CALIFORNIA CITY DETENTION FACILITY, Respondent. | No. 1:26-cv-05633 DC AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a self-represented immigration detainee, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to appoint counsel. ECF Nos. 1, 2. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

For the reasons discussed below, the undersigned recommends that the petition be granted, petitioner be immediately released, and respondent be enjoined from unlawfully re-arresting or re-detaining petitioner. In light of this recommendation, petitioner's motion to appoint counsel (ECF No. 2) will be denied as moot.

[1] Petitioner's request that her full name be omitted to protect sensitive personal information is granted. See ECF No. 1 at 2 (citing Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf).

I. Factual Background[2]

Petitioner is a native of Guatemala who entered the United States in or about June 2024. ECF No. 1 at 4-5. She was detained by Border Patrol upon entry, held for two weeks, and then released into the United States with conditions of supervision. Id. at 5. She has a pending asylum application and has not been ordered removed.[3] Id. at 5. Petitioner asserts that she has complied with all conditions of supervision—regular check-ins, home visits, wearing an ankle monitor, and photo reports—except for one occasion when she failed to send in a photo report because she was a victim of domestic violence. Id. at 8. She states that she has a 4-year-old child in her care in the United States and is currently pregnant. Id. at 7-8.

On June 8, 2026, while driving to work, petitioner was stopped and re-detained by Immigrations and Customs Enforcement ("ICE") without notice or a warrant. Id. at 6. Since being re-detained, petitioner states that she has been transferred to five different detention facilities, has been subjected to inhumane conditions, and has not received prenatal care. Id. at 6-8. She is currently detained at the California City Detention Facility. Id. at 7.

II. Procedural History

On July 20, 2026, the court received the petition for writ of habeas corpus, which challenges petitioner's detention under 28 U.S.C. § 2241. ECF No. 1. Respondent was directed to respond to the petition and required to "substantively address whether there are any factual or legal issues that materially distinguish [this case] from the court's prior orders in Labrador-Prato v. Noem, No. 1:25-cv-1598 DC SCR (HC), 815 F. Supp. 3d 1113 (E.D. Cal. 2025), Selis Tinoco v. Noem, No. 1:25-cv-1762 DC JDP (HC), 818 F. Supp. 3d 1141 (E.D. Cal. 2025), Orellana

[2] Because respondent did not deny petitioner's factual allegations in the response to the petition, the facts contained therein are deemed admitted and will be relied upon, unless the record reflects contrary facts. See ECF No. 8; Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

[3] The court takes judicial notice of the information provided on the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/ (last visited Aug. 24, 2026). See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

Gonzalez v. Cerna, No. 1:26-cv-1344 DC JDP (HC), 2026 WL 604193 (E.D. Cal. Mar. 4, 2026), and other similar cases previously decided by this court." ECF No. 5. The court warned that "[t]he court will construe failure to distinguish the above cited cases as a concession that the cases are not substantively distinguishable." Id.

Following an extension of time, respondent filed its response on August 5, 2026. ECF No. 8. Petitioner did not file a reply. The case is deemed submitted.

## III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

## IV. Discussion

The petition, liberally construed, asserts that the revocation of petitioner's supervised release and re-detention without notice or a warrant is a violation of her due process rights under the Fifth Amendment. ECF No. 1; see ECF No. 5. By way of relief, petitioner requests that the court order her release with appropriate conditions of supervision, if necessary, or, in the alternative, release within 30 days unless respondent provides a bond hearing at which the government bears the burden to prove by clear and convincing evidence that she presents a risk of flight or danger and considers alternatives to detention, and any other relief the court deems just and proper. Id. at 20.

As noted above, the court's briefing order directed a response to the petition and that respondent substantively address whether this case is materially distinguishable from Labrador-Prato, Selis Tinoco, Orellana Gonzalez, and other similar cases issued by the court. See ECF No. 5. In the cited cases, noncitizens similarly asserted a violation of their due process rights based on the revocation of their release. Labrador-Prato, 815 F. Supp. 3d at 1120-22; Selis Tinoco, 818 F. Supp. 3d at 1147, 1151-53; Orellana Gonzalez, 2026 WL 604193, at *1.[4] In each, the court found procedural due process requires a pre-deprivation notice and hearing to determine whether re-detention is warranted. Labrador-Prato, 815 F. Supp. 3d at 1122; Selis Tinoco, 818 F. Supp. 3d at 1152-53; Orellana Gonzalez, 2026 WL 604193, at *1. Because the petitioners were not afforded these procedures, the court ordered their immediate release and enjoined respondents from re-arresting or re-detaining petitioners absent compliance with specific pre-deprivation procedural protections. Labrador-Prato, 815 F. Supp. 3d at 1123; Selis Tinoco, 818 F. Supp. 3d at 1154; Orellana Gonzalez, 2026 WL 604193, at *1-2.

In response, respondent does not reference or present any facts to distinguish this case from the court's prior orders in Labrador-Prato, Selis Tinoco, or Orellana Gonzalez. ECF No. 8. Instead, respondent concedes that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered immediate release." Id. Considering the facts of this case and respondent's concessions, the undersigned adopts and incorporates by reference the reasoning in those cases and finds that petitioner's re-detention without a pre-deprivation hearing before a neutral adjudicator where the government would be required to justify her re-detention by clear and convincing evidence violates due process. See Labrador-Prato, 815 F. Supp. 3d at 1122; Selis Tinoco, 818 F. Supp. 3d at 1152-53; Orellana Gonzalez, 2026 WL 604193, at *1; see also Sharma v. Warden of Golden State Annex Det. Facility, No. 1:25-cv-1861 AC, 2026 WL 1162718, at *5 (E.D. Cal. Apr. 29, 2026) ("[T]his court has [routinely] found that the Due Process Clause requires that, in order for the government to *re-detain* a noncitizen who has been

---

[4] The petitioners in Labrador-Prato and Selis Tinoco also asserted that their detention violated the Immigration and Nationality Act ("INA"). Labrador-Prato, 2025 F. Supp. 3d at 1118-20; Selis Tinoco, 818 F. Supp. 3d at 1147, 1149-51.

*previously released* on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered.") (quoting Hernandez Gonzalez v. Warden, California City Corr. Ctr., No. 1:26-cv-2630 DC AC, 2026 WL 1069555, at *1 and collecting cases).

In its response, respondent addresses the statutory basis for petitioner's detention, asserting that "[d]etention in this case was pursuant to 8 U.S.C.§ 1225(b)(2)(A)." ECF No. 8 at 1. Respondent "maintains [its] position that such provision governs here" but acknowledges binding precedent in this Circuit holding that § 1226(a) of the INA governs petitioner's detention. Id. (citing Rodriguez Vazquez v. Bostock, __ F.4th __, 2026 WL 2196424 (9th Cir. July 30, 2026)). Respondent asserts that "[p]etitioner is therefore entitled to seek a custody redetermination hearing." Id. Respondent's misplaced focus on the statutory basis for detention fails to address petitioner's procedural due process claim under the Fifth Amendment and therefore ignores the legal issues raised in this matter, which are constitutional. Accordingly, the response warrants no further discussion. And, as in Labrador-Prato, Selis Tinoco, and Orellana Gonzalez, the court finds the appropriate remedy for the due process violation in this case is release and an injunction against re-detention.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the motion to appoint counsel (ECF No. 2) is DENIED as moot in light of the recommendation to grant the petition.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED as follows:
    a. Respondent shall IMMEDIATELY RELEASE petitioner MARIBEL A. V. P., A-221-097-203, under the same conditions to which she was subject to immediately prior to her detention on June 8, 2026. At the time of release, respondent must return all of petitioner's documents and possessions.
    b. Respondent shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

c. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner unless respondent provides at least 7 days' written notice to petitioner and holds a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondent will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

2. The order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

3. Within three days of an order adopting these findings and recommendations, respondent be required to file a notice of compliance confirming petitioner's release and that the conditions of her supervision are the same as those to which she was subject prior to her June 8, 2026 detention.

4. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 25, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE