UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIBEL ARELY VELASQUEZ PEREZ (A-221-097-203),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondent.

No. 1:26-cv-05633-DC-AC (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. No. 9)

Petitioner, an immigration detainee proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 25, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (Doc. No. 9.) On August 28, 2026, Respondents filed objections, stating merely that "Respondents respectfully object to the findings and recommendations for the reasons stated in their Reply." (Doc. No. 10.) However, those arguments were addressed and rejected by the magistrate judge in this case and by the Ninth Circuit and the undersigned in other cases. Specifically, noncitizens present without admission who are apprehended in the interior of the United States are subject discretionary detention under

8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A). *See Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Further, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK (HC), 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 25, 2026 (Doc. No. 9), are ADOPTED;
2. Petitioner's petition for a writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondents shall IMMEDIATELY RELEASE Petitioner Maribel Arely Velasquez Perez (A-221-097-203). At the time of release, Respondents must return all of Petitioner's documents and possessions;
3. Respondents shall not impose any additional restriction on Petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing;
    a. Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner unless Respondents provide at least seven (7) days' written notice to Petitioner and

holds a pre-deprivation bond hearing before a neutral decision maker, at which hearing Respondents will bear the burden of demonstrating that Petitioner is a flight risk or danger to the community and Petitioner's eligibility for bond must be considered;

4. The order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;
5. Within three (3) days from the date of entry of this order, Respondents shall file a notice of compliance with this court confirming Petitioner's release from custody;
6. The Clerk of the Court is directed to serve California City Immigration Processing Center with a copy of this order; and
7. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 2, 2026**

Dena Coggins
United States District Judge